FILED
United States Court of Appeals
Tenth Circuit

August 14, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRYAN SIX,

Defendant - Appellant.

No. 19-1023
(D.C. No. 1:18-CR-00136-WYD-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

In 2006, Defendant Bryan Six pled guilty to attempted kidnapping and attempted

criminal sexual conduct in the second degree in Minnesota state court.  Later in 2006,

Congress enacted the Sex Offense Registration and Notification Act ("SORNA").

SORNA established a comprehensive, national sex offender registration system.  In

SORNA, Congress gave the Attorney General the authority to determine SORNA's

retroactive reach.  Exercising that authority, the Attorney General concluded that

_____

[*] After examining the briefs and the appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

SORNA should apply to all pre-Act offenders—thus requiring Defendant to comply with the new registration scheme.

Defendant failed to register. A federal grand jury indicted Defendant, charging him with Failure to Register in violation of 18 U.S.C. § 2250(a)(1), 2(B), and (3). Defendant filed a motion to dismiss the indictment, asserting that Congress unconstitutionally delegated legislative power to the Attorney General when it authorized him to determine SORNA's applicability to sex offenders convicted before the enactment of the statute.

In his motion, Defendant acknowledged that Tenth Circuit precedent forecloses his argument. See United States v. Nichols, 775 F.3d 1225, 1232 n.3 (10th Cir. 2014) (concluding that the Attorney General's ability to determine SORNA's retroactive application does not violate the nondelegation doctrine), rev'd on other grounds by Nichols v. United States, 136 S. Ct. 1113 (2016). Defendant, nevertheless, preserved this argument because the United States Supreme Court granted certiorari to address this issue. The district court denied Defendant's motion to dismiss, concluding that it was bound by our decision in Nichols.

On June 20, 2019, the Supreme Court of the United States issued an opinion upholding Congress's SORNA delegation. Gundy v. United States, 139 S. Ct. 2116, 2129, 2131 (2019). Because the Supreme Court's decision in Gundy did not disturb our prior holding in Nichols that Congress did not violate the nondelegation doctrine—which Defendant concedes—Defendant's argument fails.

Accordingly, we AFFIRM.

Entered for the Court


Joel M. Carson III
Circuit Judge